UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ERIC DAVIS, #304804, | ) | Civil Action No. 4:23-cv-5005-JDA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| P. FREEMAN and SUPERVISOR GILLESPIE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights. Presently before the Court is Defendants' Motion for Summary Judgment (ECF No. 43). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in dismissal of his case. Plaintiff's response was due October 7, 2024. He has not filed a response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

## II.     RULE 41(B)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978),

recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. He was warned on that a failure to respond to Defendants' motion could result in dismissal of his case. Nevertheless, Plaintiff failed to respond to the motion. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to prosecute this case. Defendant cannot come to a resolution of this matter if Plaintiff fails to prosecute it. Accordingly, the undersigned concludes that Plaintiff has abandoned his claims against Defendant. For that reason, dismissal of this case is appropriate under Rule 41(b).

### IV.   MERITS

#### A.   Facts

Dismissal is also appropriate because Plaintiff fails to present evidence sufficient to create

a material dispute of fact as to his causes of action. Plaintiff alleges that on March 11, 2021, inmates on the floor above him flooded their cell, which resulted in water in his cell of approximately three to four inches. He asked Defendant Freeman if he could get the water out of his cell, but she told him no and that he would have to sleep with it that night. At lunch time the following day, March 12, 2021, an officer opened Plaintiff's cell door to deliver his lunch tray. As Plaintiff was carrying his lunch tray in his cell, he lost his balance and fell. He had several seizures and had to go to the hospital. His right arm was put in a sling until he could be seen for an x-ray. Approximately two or three weeks later, Plaintiff was taken to Florence for an x-ray but they had to do an MRI instead. The MRI revealed a crack in Plaintiff's right shoulder bone. The doctor required Plaintiff to do physical therapy before scheduling surgery. However, the surgery was never scheduled. Defendant Gillespie told Plaintiff they were not going to pay for surgery. Plaintiff seeks monetary damages for his seizures, cracked shoulder, and six weeks of therapy. Compl. pp. 5-7.

Defendant Patricia Freeman was employed as a Corporal for the Chesterfield County Detention Center (CCDC) during the events described in Plaintiff's complaint. Freeman Decl. ¶ 1 (ECF No. 43-2). She states that during her employment at CCDC she did not prevent any detainees from having flood water cleaned out of their cell or refuse to assist detainee with removing water from a flooded cell. Freeman Decl. ¶ 3. She also states that it is her understanding that Plaintiff received prompt medical attention following the incident and received continued medical care while he was housed at CCDC. Freeman Decl. ¶ 5. Freeman states that at no time did she deny Plaintiff medical care nor is she aware of any other employee denying him medical care. Freeman Decl. ¶ 6.

Defendant Sheila Gillespie was employed as the Director of the CCDC during the events

described in Plaintiff's complaint. Gillespie Decl. ¶ 1 (ECF No. 43-3). However, she states that she was not present at CCDC during the events alleged and, thus, had no personal participation in those events. Gillespie Decl. ¶ 2. She states that it is her understanding that Plaintiff was given prompt medical attention following the incident and received continued medical care while he was housed at CCDC. Gillespie Decl. ¶ 4. Gillespie states that at no time did she deny Plaintiff medical care nor is she aware of any other employee denying him medical care. Gillespie Decl. ¶ 5. Gillespie states that she did not make determinations as to whether any inmate received surgery. Rather, such decisions were made by medical staff. Gillespie Supp. Decl. ¶ 3 (ECF No. 43-4). She states that at no point did she stop Plaintiff from receiving surgery, nor was she aware of any determination made by medical staff that Plaintiff needed surgery. Gillespie Supp. Decl. ¶ 4.

**B.     Standard of Review**

Under Fed.R.Civ.P. 56, the moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Id. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### C. Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119

S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Plaintiff asserts in his complaint that he is a convicted and sentenced state prisoner. Compl. p. 5. Defendants refer to him as a pretrial detainee in their memorandum. Def. Mem. p. 3. Until recently, the law within the Fourth Circuit was that the standard for reviewing conditions of confinement claims by pretrial detainees under the Fourteenth Amendment was essentially the same as that for a convicted prisoner under the Eighth Amendment–deliberate indifference to an excessive risk of health or safety. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). However, in December of 2023, the Fourth Circuit held that the Supreme Court's ruling in Kingsley v. Hendrickson, 576 U.S. 389, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015) dictates a change in the analysis of claims for pretrial detainees. Short v. Hartman, 87 F.4th 593, 607 (4th Cir. 2023) ("The Supreme Court's ruling in Kingsley v. Hendrickson upends the assumption that Fourteenth Amendment Due Process Clause claims should be treated the same as Eighth Amendment claims.").[1]

---

[1] Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) mandates a subjective test for Eighth Amendment claims of deliberate indifference:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837–38, 114 S.Ct. 1970. Prior to Kingsley, all circuits adopted this subjective test to analyze claims for pretrial detainees as well. Short, 2023 WL 8488148, at *8 (collecting cases).

In Kingsley, the Supreme Court held that to state a Fourteenth Amendment Due Process Clause claim for excessive use of force, a pretrial detainee need only allege that the officer used objectively unreasonable force and was not required to allege a subjective component. Short, 87 F.4th at 608 (discussing Kingsley, 576 U.S. at 398). Based on Kingsley, the Fourth Circuit in Short concluded that the subjective element also does not apply to Fourteenth Amendment deliberate indifference claims by pretrial detainees. Therefore, under Short it "is sufficient that the plaintiff show that the defendant's action or inaction was, in Kingsley's words, 'objectively unreasonable.'" Id. at 611 (quoting Kingsley, 576 U.S. at 397). That is, "it is enough that the plaintiff show that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (citation omitted). Still, however, it is not enough "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611–12. While a "showing of subjective intent can still help a pretrial detainee state a claim for action that amounts to punishment," this showing is no longer required under Short. Id. at 609 (referencing Kingsley, 576 U.S. at 398).

Given that Plaintiff was detained at a local detention center at the time of the incidents alleged in this action, he likely was a pretrial detainee at that time. Nevertheless, even if he was a convicted prisoner, he fails to present sufficient evidence to create an issue of fact under the lesser standard set forth in Short for pretrial detainees under the Fourteenth Amendment, and, thus, necessarily fails to meet the standard for convicted prisoners under the Eighth Amendment. Plaintiff must show (1) that he was subjected to a condition of confinement that posed a substantial risk of serious harm; (2) that "the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed"; (3) that the defendant "knew or should have

known" that "the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." See id. at 611; see also Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (adopting a similar test for claims of deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment).

Courts have routinely held that slip and fall cases fail to state a claim of constitutional dimension under § 1983. See Ball v. City of Bristol, Va., Jail, No. 7:10-cv-0303, 2010 WL 2754320, at *1 (W.D. Va. July 12, 2010) (explaining that the "mere fact that the leak in Ball's cell was not fixed in time to prevent the puddle in which Ball slipped indicates, if anything, that officers may have been negligent in not calling the plumber a few days earlier"); Bacon v. Carroll, 232 F. App'x 158, 160 (3d Cir. 2007) (holding that failure to warn of slippery floor stated a claim of mere negligence and not a constitutional violation); Reynolds v. Powell, 370 F.3d 1028, 1031–32 (10th Cir. 2004) (finding that slippery conditions arising from standing water in shower was not a condition that posed a substantial risk of serious harm, even where inmate was on crutches and warned employees that he faced a heightened risk of failing); Beasley v. Anderson, 67 F. App'x 242, 242 (5th Cir. 2003) (citations omitted) (holding slip and fall claim sounded in negligence and was insufficient to allege a constitutional claim).[2]  Plaintiff's alleges that he slipped on water in his cell after notifying Freeman of the standing water the night before.  These allegations are insufficient to show that he was subjected to a condition of confinement that posed a substantial risk of serious harm and, thus, does not rise the level of a constitutional violation actionable under § 1983.

Likewise, Plaintiff's medical indifference claim against Gillespie fails as well.  Under Short,

---

[2]Even though some of these cases involve claims under the Eighth Amendment, they address the objective element, which remains the same for claims under both the Eighth Amendment and the Fourteenth Amendment after Kingsley and Short.

the standard for reviewing medical indifference claims by pretrial detainees is substantially the same as that set forth above for conditions of confinement:

> (1) the[ plaintiff] had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the [plaintiff] had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the [plaintiff] was harmed.

Short, 87 F.4th at 611. Here, Plaintiff fails to show that Gillespie had any personal involvement in his treatment for the shoulder injury he received following his slip and fall. Plaintiff alleges that he was taken to the hospital and his arm was put in a sling, he received a MRI two or three weeks later, and the doctor required him to do physical therapy prior to any surgery. Plaintiff alleges that Gillespie told him they were not going to pay for surgery. Gillespie, the Director of the CCDC, avers that she was not part of the medical staff and did not make determinations regarding the medical treatment an inmate received. She also avers that she is unaware of any determination made by medical personnel that Plaintiff required surgery. Plaintiff does not allege that the doctor determined that Plaintiff needed surgery, only that he needed to do physical therapy before doing anything else, including surgery.

A non-medical prison official generally cannot be held liable for a failure to provide an inmate medical treatment where that inmate is under the care of medical personnel. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) (holding that non-medical personnel are entitled to rely on the professional judgment of medical practitioners to determine appropriate treatment for a patient); see also Iko v. Shreve, 535 F.3d 225, 242 (4th Cir. 2008)(holding " '[i]f a prisoner is under the care of medical experts ..., a nonmedical prison official will generally be justified in believing that the

prisoner is in capable hands' ") (quoting Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004)). To establish a claim of deliberate indifference against non-medical prison staff, a plaintiff must show that the non-medical personnel (1) were personally involved in the treatment or denial of treatment, (2) deliberately interfered with treatment, or (3) tacitly authorized or were indifferent to the medical provider's conduct. Howell v. Walrath, No. 1:20-cv-1193, 2021 WL 5881803, at *5 (E.D. Va. Dec. 10, 2021); see Coleman v. Stevenson, No. 0:09-cv-872-HMH, 2010 WL 2990737, at *4 (D.S.C. June 22, 2010) ("Mere knowledge is not sufficient to establish personal participation.") adopted by, 2010 WL 2990740 (D.S.C. July 26, 2010), aff'd, 407 F. App'x 709 (4th Cir. 2011); Mallett v. Johnson, No. 8:08-cv-863-PMD, 2008 WL 5351618, at *7 (D.S.C. Dec. 22, 2008) ("A medical indifference claim is not appropriate against a superintendent/supervisor absent an allegation that he was personally connected to the treatment received.") (citing Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). It is uncontroverted that Gillespie did not make medical decisions or that she was aware of any determination that Plaintiff needed surgery. Accordingly, Plaintiff's claim against her fails.

### III. CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), or, in the alternative, that Defendants' Motion for Summary Judgment (ECF No. 43) be granted and this case be dismissed.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

November 20, 2024  
Florence, South Carolina

**The parties are directed to the important information on the following page.**